**COMMUNITY FOR CREATIVE NON–VIOLENCE, et al., Plaintiffs,**

v.

**Carmen E. TURNER, Defendant.**

Civ. A. No. 88–1048.

United States District Court, District of Columbia.

May 19, 1989.

Maureen E. McGirr and Andrew T. Karron, Arnold & Porter, Washington, D.C., for plaintiffs.

Linda Lazarus, Asst. Gen. Counsel, Office of the General Counsel, Washington Metropolitan Area Transit Authority, Washington, D.C., for defendant.

## AMENDED AND SUBSTITUTED ORDER

SPORKIN, District Judge.

The parties have asked for clarification of the Order issued on May 17, 1989, 714 F.Supp. 29, by this Court in the above titled action. To the extent that Order requires certain clarification, I am hereby superseding that Order with this Amended and Substituted Order. Based on the reasons set forth in this Court's Opinion issued on May 17, 1989, the reasons provided by the court during the hearings held on this date and the entire record in this case, it is

ORDERED that plaintiff's motion for partial summary judgment shall be and hereby is granted in part as more particularly set forth in the following ordering paragraphs; it is further

ORDERED that Sections 100.10(b), 100.-10(c), 100.10(e) and that portion of 100.10(g) which reads as follows:

(g) *Prohibitions.* Free speech activities are to take place in a conversational tone and at no time shall such activities include chanting, dancing, shouting, outcries, or the use of any device for voice amplification or any other sound device including musical instruments.

of the "Regulation Concerning the Use By Others of Washington Metropolitan Area Transit Authority Property" (the "WMATA Regulation") are hereby declared null and void and in violation of the First Amendment of the Constitution of the United States; it is further

ORDERED that defendant be and hereby is permanently enjoined from enforcing the WMATA Regulations set forth in the preceding paragraph or from causing or permitting the enforcement of said Regulations; it is further

ORDERED that this order shall not apply to the regulations governing the underground portions of WMATA Metro stations, or any of the regulations or parts thereof, not otherwise specifically covered by this Order concerning the use by others of Washington Metropolitan Area Transit Authority Property; and it is further

ORDERED that this Court shall retain jurisdiction to order such other and further relief as may be appropriate.